# Exhibit A

CT Corporation

| | |
|---|---|
| **UPS Tracking # :** | 1ZX212780138665410 |
| **Created By :** | BATCH BATCH |
| **Created On :** | 06/24/2022 11:41 AM |
| **Recipient :** | |

**Scott Lai**

| | |
|---|---|
| Title : | -- |
| Customer : | BURST Oral Care |
| Address : | 340 S. LEMON AVENUE #4658 |
| Email : | - |
| Phone : | -3102456880          Fax :     - |

**Package Type :**  Envelope

**Items shipped :**  1

| Log # | Case # | Entity Name |
|---|---|---|
| 541802197 | 207321 | BURST.USA INC. |

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
06/24/2022
CT Log Number 541802197

## Service of Process Transmittal Summary

**TO:**      Scott Lai
            BURST Oral Care
            340 S. LEMON AVENUE #4658
            WALNUT, CA 91789

**RE:**      **Process Served in Delaware**

**FOR:**     BURST.USA INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ELIZABETH PEREZ, individually // To: BURST.USA INC. |
| **CASE #:** | 207321 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 06/24/2022 |
| **JURISDICTION SERVED:** | Delaware |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780138665410 |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

**CERTIFIED MAIL**

Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

7190 1046 4701 0142 4362

Return Receipt (Electronic)

Burst USA, Inc
Registered Agent, The Corporation Trust Comp
Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
Dial 7-1-1 For Relay Services
www.sos.texas.gov

### John B. Scott
### Secretary of State

June 16, 2022

| 2022-339292-1 |
|---|
| Include reference number in all correspondence |

Burst USA, Inc
Registered Agent, The Corporation Trust Company
Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

RE:    Elizabeth Perez VS Burst Oral Care et al
       21st Judicial District Court of Bastrop County, Texas
       Cause No. 207321

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of the process received by the Secretary of State of the State of Texas on May 20, 2022.

CERTIFIED MAIL #71901046470101424362

Refer correspondence to:

Jerry D Lee III
The Law Offices of Glen F Larson PLLC
5113 Southwest Pkwy, Suite 190
Austin, TX 78735

Sincerely,

Service of Process
Government Filings
512-463-1662
GF/mr
Enclosure

• .ɔ

## CITATION

**CLERK OF THE COURT**   **CAUSE#2073-21**
Sarah Loucks, District Clerk
P.O. Box 770
804 Pecan Street
Annex Building, First Floor
Bastrop, TX 78602

### THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

To: Burst USA, Inc.
TEXAS SECRETARY OF STATE
PO BOX 12079
AUSTIN, TX 78711-2079, Defendant
THROUGH ITS REGISTERED AGENT, THE CORPORATION TRUST COMPANY, LOCATED AT
CORPORATION TRUST CENTER
1209 ORANGE ST.
WILMINGTON, DE 19801

GREETINGS: You are commanded to appear by filing a written answer to the PLAINTIFF ELIZABETH PEREZ ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the 21st District Court of Texas, at the courthouse in BASTROP, Texas.

A copy of the Petition accompanies this citation, in cause number 2073-21 styled:

Elizabeth Perez
vs.
Burst Oral Care, Burst USA, Inc., & Tanya Maria Akim

filed in said court on the on this the 20th day of April, 2022

Petitioner is represented by:

JERRY D. LEE III
THE LAW OFFICE OF GLEN F LARSON PLLC
5113 SOUTHWEST PKWY., SUITE 190
AUSTIN, TX 78735

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office in Bastrop, Texas, this the 16th day of May, 2022
Sarah Loucks
District Clerk, Bastrop County
P.O. Box 770
Bastrop, Texas 78602
By:_____/s/ Becky Nelson_____,Deputy

( ) IF CHECKED, ATTACHED TO THIS CITATION IS DISCOVERY NOT FILED WITH CLERK PURSUANT TO
TRCP 191.4                                          RETURN OF SERVICE
Cause: 2073-21
Executed when copy is delivered:

339292  -1

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By:_____, Deputy

**ADDRESS FOR SERVICE**:
Defendant:
Burst USA, Inc.
TEXAS SECRETARY OF STATE
PO BOX 12079
AUSTIN, TX 78711-2079
THROUGH ITS REGISTERED AGENT, THE CORPORATION TRUST COMPANY, LOCATED AT
CORPORATION TRUST CENTER
1209 ORANGE ST.
WILMINGTON, DE 19801

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock _____.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES**:
Serving Petition and Copy $_____
Total                          $_____

_____, Officer
_____, County, Texas

By:_____, Deputy

**Affiant**
COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
**In accordance with Rule 107**: The officer or authorized person who serves, or attempts to serve, a citation shall

sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

My name is _____, my date of birth is _____, and my address is

      (First, Middle, Last)

_____.

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

 

Declaring/Authorized Process Server

 

(Id # & expiration of certification)

Electronically Filed 4/20/2022 9:34 AM
Sarah Loucks, District Clerk
Bastrop County, Texas
By: Krystyn Johnston, Deputy

2073-21

CAUSE NO. _____

| | | |
|---|---|---|
| **ELIZABETH PEREZ, individually,** | § | **IN THE DISTRICT COURT OF** |
|   Plaintiff, | § | |
| | § | |
| **VS.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **BURST ORAL CARE, BURST USA, INC.,** | § | |
| **AND TANYA MARIA AKIM** | § | |
|   Defendants. | § | |
| | § | |
| | § | |
| | § | **BASTROP COUNTY, TEXAS** |

## PLAINTIFF ELIZABETH PEREZ'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, ELIZABETH PEREZ ("Plaintiff") complaining of, Burst Oral Care, Burst USA Inc., and Tanya Maria Akim, ("Defendants") for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN.

1.      The Plaintiff, Elizabeth Perez, intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

### II.
### PARTIES.

2.      The Plaintiff, Elizabeth Perez, is an individual residing in Bastrop County, Texas.

3.      The Defendant, Tanya Maria Akim, is an individual residing at 1424 N Crescent Heights Boulevard, Apartment 34 W. Hollywood, CA, 90046**. (Citation Requested).**

4.     The Defendant, Burst Oral Care, is a s a foreign corporation authorized to do business in the State of Texas and may be served with process through the Texas Secretary of State, Service of Process, Secretary of State, P.O. Box 12079 Austin, Texas 78711-2079 and through its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801. **(Citation Requested).**

5.     The Defendant, Burst USA, Inc., is a foreign corporation authorized to do business in the State of Texas and may be served with process through the Texas Secretary of State, Service of Process, Secretary of State, P.O. Box 12079 Austin, Texas 78711-2079 and through its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801. **(Citation Requested).**

## III.
## JURISDICTION AND VENUE.

6.     Jurisdiction is proper in this Court because the amount in controversy is within the Court's jurisdictional limits. Additionally, this Court has jurisdiction over the parties because the Plaintiff, Elizabeth Perez, is a resident of the State of Texas currently and was also a resident of the State of Texas at the time of this crash. Finally, the Court has jurisdiction over the Defendants, Burst USA, Inc., Burst Oral Care, and Tanya Maria Akim in this matter because they were in the State of Texas and were driving on Texas public roads when their negligent actions caused the crash. In addition, the transaction or occurrence that gave rise to these causes of action occurred in the State of Texas.

7.     Venue is proper in Bastrop County, Texas under § 15.002(a)(1) of the Civil Practice & Remedies Code because the transaction or occurrence between parties that caused Plaintiff's harm and gave rise to the cause of actions herein occurred in Bastrop County, Texas.

## IV.
## FACTS.

8.     On or about November 27, 2020, the Plaintiff, Elizabeth Perez, was lawfully operating

her vehicle driving westbound near the 100 block of W US 290, in Elgin, Texas, when her

vehicle was suddenly, violently, and without warning struck by the Budget rental vehicle, which

is owned by Avis Budget Group, Inc., that the Defendant, Tanya Maria Akim was negligently

operating.  The vehicle was rented by her employer, Burst Oral Care and/or Burst USA, Inc.  At

the time of this crash the Defendant, Tanya Maria Akim, was driving this vehicle in the course

and scope of employment for her employer, Burst Oral Care and/or Burst USA, Inc.  The co-

owner Hamish Kyayat of Burst Oral Care and/or Burst USA, Inc. and Joshua Vinter-Jackson, the

Director of Strategic Partnerships and Corporate Sales for Burst Oral Care and/or Burst USA,

Inc. was in the vehicle too.  All of these individuals were in Austin, Texas for business pertaining

to Burst Oral Care and/or Burst USA, Inc.

Specifically, the Defendant, Tanya Maria Akim, while driving northbound attempted to

cross 3 lanes of traffic to merge but did not yield the right of way to the Plaintiff, Elizabeth

Perez, who was lawfully travelling westbound.  This resulted in the vehicle, the Defendant,

Tanya Maria Akim, was driving, crashing into the Plaintiff, Elizabeth Perez's vehicle, with such

an impact that rendered the Plaintiff, Elizabeth Perez's vehicle inoperable because the

Defendant, Tanya Maria Akim, failed to properly watch out for, and wait for, oncoming traffic.

The crash report, which was completed by Officer Lucero Dominguez cited the

Defendant Tanya Maria Akim, as contributing to the crash due to her failure to yield and

inattentiveness to traffic on the road.

9.     As a direct result of the Defendants, Burst Oral Care, Burst USA, Inc, andTanya Maria

Akim's, collective and individual negligence as well as gross negligence, the Plaintiff, Elizabeth

Perez, sustained severe, permanent, life-changing and traumatic injuries and severe economic

damages. The Plaintiff, Elizabeth Perez, is under the care of her physicians and is continuing to

follow her physicians' care for her permanent injuries and may require surgery and will likely

require other medical treatment in the future. For a complete list of Plaintiff, Elizabeth Perez's,

damages, please see the damages section of this Petition as well as additional documentation

provided through discovery responses and other sources of documentation.

**V.**
**<u>CONDITIONS OF PRECEDENT.</u>**

10.     All conditions precedent to recovery have been performed or have occurred.

**VI.**
**<u>PLAINTIFF ELIZABETH PEREZ'S CAUSES OF ACTION AGAINST DEFENDANT
BURST ORAL CARE.</u>**

**A. <u>RESPONDEAT SUPERIOR-BURST ORAL CARE</u>**

11.     All acts, actions and/or omissions complained of herein were committed by Defendant Burst

Oral Care by and through its employee, Tanya Maria Akim, who was acting within the course and

scope of her employment with the Defendant, Burst Oral Care. On November 27, 2020, the

Defendant, Tanya Maria Akim, was operating the vehicle in the normal course of her fulfilling her

job duties in furtherance of the employer's business.  Therefore, the Defendant, Burst Oral Care, is

negligent under the doctrine of Respondeat Superior.

12.   The Plaintiff, Elizabeth Perez, asserts separate and independent causes of action against Burst

Oral Care, in one or more of the following respects:

    a.      Negligently hiring the Defendant, Tanya Maria Akim;

    b.      Negligent supervision of the Defendant, Tanya Maria Akim;

    c.      Negligent retention of the Defendant, Tanya Maria Akim;

    d.       Negligent maintenance of their vehicles;

    e.      Negligent monitoring of the Defendant, Tanya Maria Akim; and

    f.      Negligent implantation of inadequate company policies and procedures with regard to the Defendant, Tanya Maria Akim.

## B. NEGLIGENCE

13.    The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendant, Burst Oral Care, through its employee Tanya Maria Akim, who violated the duty she owed the Plaintiff, Elizabeth Perez, to exercise ordinary care in the operation of the vehicle she was driving in one or more of the following respects:

    a.      in failing to timely apply the brakes of her vehicle in order to avoid the collision with Plaintiff, Elizabeth Perez's vehicle;

    b.      in driving the vehicle at an unreasonable speed;

    c.      in failing to pay proper attention while driving;

    d.      in violating §545.351 of the Texas Transportation Code by driving at a speed greater than is reasonable and prudent under the circumstances then existing;

    e.      demonstrating a high-level of inattentiveness and distracted driving of a vehicle on a public roadway;

    f.      in failing to yield the right of way;

    g.      in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    h.      in failing to turn the vehicle in an effort to avoid the collision in question;

i.      in failing to blow her horn to warn of imminent danger; and

j.      in failing to stop.

### C. <u>GROSS NEGLIGENCE</u>

14.    The above-referenced acts and/or omissions by Burst Oral Care, through its employee, Tanya Maria Akim, constitutes gross negligence as the term is defined in § 41.001(11) of the Texas Civil Practice & Remedies Code.  The Defendant Burst Oral Care's actions as demonstrated through its employee, Tanya Maria Akim, were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and the Defendant, Burst Oral Care through its employee, Tanya Maria Akim, was aware of such risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, Elizabeth Perez. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff, Elizabeth Perez.

### D. <u>NEGLIGENCE PER SE</u>

15.    The Defendant, Burst Oral Care, through its employee Tanya Maria Akim was negligent in failing to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §544.010, §545.062, §545.151, §545.153, §545.351 and §545.401 pursuant to the Negligence Per Se Doctrine which mandates that:

(a) Unless directed to proceed by a police officer or traffic-control signal, the operator of a vehicle or streetcar approaching an intersection with a stop sign shall stop as provided by Subsection (c).

(b) If safety requires, the operator of a vehicle approaching a yield sign shall stop as provided by subsection (c).

(c) An operator required to stop by this section shall stop before entering the crosswalk on the near side of the intersection. In the absence of a crosswalk, the operator shall stop at a clearly marked stop line. In the absence of a stop line, the operator shall stop at the place nearest the intersecting roadway where the operator has a view of approaching traffic on the intersecting roadway.

16.     Additionally, the Defendant, Burst Oral Care, through its employee, Tanya Maria Akim, failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.062 pursuant to the Negligence Per Se Doctrine which mandates that:

**§545.062 Following Distance**

(a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

17.     Additionally, the Defendant, Burst Oral Carea through its employee, Tanya Maria Akim, failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.151 pursuant to the Negligence Per Se Doctrine which mandates that:

**§545.151 Vehicle Approaching or Entering Intersection**

(a) An operator approaching an intersection:

(1) shall stop, yield, and grant immediate use of the intersection in obedience to  an official traffic-control device, including a stop sign or yield right-of-way sign;

(2) after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.

(b) An operator who is required by this section to stop and yield the right-of-way at an

intersection to another vehicle and who is involved in a collision or interferes with other

traffic at the intersection to whom the right-of-way is to be given is presumed not to have

yielded the right-of-way.

18.     Additionally, the Defendant, Burst Oral Care, through its employee, Tanya Maria

Akim, failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation

Code, §545.153  pursuant to the Negligence Per Se Doctrine which mandates that:

**§545.153 Vehicle Entering Stop or Yield Intersection**

(a) Preferential right-of-way at an intersection may be indicated by a stop sign or yield sign

as authorized in Section 544.003.

(b) Unless directed to proceed by a police officer or official traffic-control device, an

operator approaching an intersection on a roadway controlled by a stop sign, after

stopping as required by Section 544.010, shall yield the right-of-way to a vehicle that has

entered the intersection from another highway or that is approaching so closely as to be an

immediate hazard to the operator's movement in or across the intersection.

 (c) An operator approaching an intersection on a roadway that is controlled by a yield

sign shall:

    (1) slow to a speed that is reasonable under the existing conditions; and

    (2) yield the right-of-way to a vehicle in the intersection or approaching on

    another highway so closely as to be an immediate hazard to the operator's

    movement in or across the intersection.

(d) If an operator is required by Subsection (c) to yield and is involved in a collision with a vehicle in an intersection after the operator drove past a yield sign without stopping, the collision is prima facie that the operator failed to yield the right-of-way.

19.     Further, the Defendant Burst Oral Care, through its employee, Tanya Maria Akim, also failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.351 pursuant to the Negligence Per Se Doctrine which mandates that:

### §545.351 Maximum Speed Requirements

(a)  An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

(2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

(1) the operator is approaching and crossing an intersection or railroad grade crossing.

20.     Additionally, the Defendant, Burst Oral Care, through its employee, Tanya Maria Akim, failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.401pursuant to the Negligence Per Se Doctrine which mandates that:

**§545.401 Reckless Driving: Offense**

(a) A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.


**VII.**
**PLAINTIFF ELIZABETH PEREZ'S CAUSES OF ACTION AGAINST DEFENDANT BURST USA, INC.**


**A. RESPONDEAT SUPERIOR-BURST USA, INC**

All acts, actions and/or omissions complained of herein were committed by Defendant Burst USA, Inc. by and through its employee, Tanya Maria Akim, who was acting within the course and scope of her employment with the Defendant, Burst USA, Inc.  On November 27, 2020, the Defendant, Tanya Maria Akim, was operating the vehicle in the normal course of her fulfilling her job duties in furtherance of the employer's business.  Therefore, the Defendant, Burst USA, Inc. is negligent under the doctrine of Respondeat Superior.

21.    The Plaintiff, Elizabeth Perez, asserts separate and independent causes of action against Burst USA, Inc. in one or more of the following respects:

      a.    Negligently hiring the Defendant, Tanya Maria Akim;

      b.    Negligent supervision of the Defendant, Tanya Maria Akim;

      c.    Negligent retention of the Defendant, Tanya Maria Akim;

      d.     Negligent maintenance of their vehicles;

      e.    Negligent monitoring of the Defendant, Tanya Maria Akim; and

      f.    Negligent implantation of inadequate company policies and procedures with regard to the Defendant, Tanya Maria Akim.

B. **<u>NEGLIGENCE</u>**

22.    The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendant, Burst USA, Inc. through its employee Tanya Maria Akim, who violated the duty she owed the Plaintiff, Elizabeth Perez, to exercise ordinary care in the operation of the vehicle she was driving in one or more of the following respects:

   a.    in failing to timely apply the brakes of her vehicle in order to avoid the collision with Plaintiff, Elizabeth Perez's vehicle;

   b.    in driving the vehicle at an unreasonable speed;

   c.    in failing to pay proper attention while driving;

   d.    in violating §545.351 of the Texas Transportation Code by driving at a speed greater than is reasonable and prudent under the circumstances then existing;

   e.    demonstrating a high-level of inattentiveness and distracted driving of a vehicle on a public roadway;

   f.    in failing to yield the right of way;

   g.    in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   h.    in failing to turn the vehicle in an effort to avoid the collision in question;

   ii.    in failing to blow her horn to warn of imminent danger; and

   j.    in failing to stop.

C. **<u>GROSS NEGLIGENCE</u>**

23.    The above-referenced acts and/or omissions by Burst USA, Inc. through its employee, Tanya Maria Akim, constitutes gross negligence as the term is defined in § 41.001(11) of the Texas Civil Practice & Remedies Code.  The Defendant Burst USA Inc's actions as demonstrated through its employee, Tanya Maria Akim, were heedless and reckless, constituting an extreme degree of risk,

considering the probability and magnitude of the potential harm to others, and the Defendant, Burst USA, Inc. through its employee, Tanya Maria Akim, was aware of such risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, Elizabeth Perez. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff, Elizabeth Perez.

### D. NEGLIGENCE PER SE

24.    The Defendant, Burst USA, Inc. through its employee Tanya Maria Akim was negligent in failing to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §544.010, §545.062, §545.151, §545.153, §545.351 and §545.401 pursuant to the Negligence Per Se Doctrine which mandates that:

(a) Unless directed to proceed by a police officer or traffic-control signal, the operator of a vehicle or streetcar approaching an intersection with a stop sign shall stop as provided by Subsection (c).

(b) If safety requires, the operator of a vehicle approaching a yield sign shall stop as provided by subsection (c).

(c) An operator required to stop by this section shall stop before entering the crosswalk on the near side of the intersection. In the absence of a crosswalk, the operator shall stop at a clearly marked stop line. In the absence of a stop line, the operator shall stop at the place nearest the intersecting roadway where the operator has a view of approaching traffic on the intersecting roadway.

25.     Additionally, the Defendant, Burst USA, Inc. through its employee, Tanya Maria Akim, failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.062 pursuant to the Negligence Per Se Doctrine which mandates that:

**§545.062 Following Distance**

(c) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

26.     Additionally, the Defendant, Burst USA, Inc. through its employee, Tanya Maria Akim, failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.151 pursuant to the Negligence Per Se Doctrine which mandates that:

**§545.151 Vehicle Approaching or Entering Intersection**

(a) An operator approaching an intersection:

(1) shall stop, yield, and grant immediate use of the intersection in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign;

(2) after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.

(d) An operator who is required by this section to stop and yield the right-of-way at an intersection to another vehicle and who is involved in a collision or interferes with other traffic at the intersection to whom the right-of-way is to be given is presumed not to have yielded the right-of-way.

27.     Additionally, the Defendant, Burst USA, Inc. through its employee, Tanya Maria Akim, failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.153  pursuant to the Negligence Per Se Doctrine which mandates that:

**§545.153 Vehicle Entering Stop or Yield Intersection**

(a) Preferential right-of-way at an intersection may be indicated by a stop sign or yield sign as authorized in Section 544.003.

(b) Unless directed to proceed by a police officer or official traffic-control device, an operator approaching an intersection on a roadway controlled by a stop sign, after stopping as required by Section 544.010, shall yield the right-of-way to a vehicle that has entered the intersection from another highway or that is approaching so closely as to be an immediate hazard to the operator's movement in or across the intersection.

(c) An operator approaching an intersection on a roadway that is controlled by a yield sign shall:

(1) slow to a speed that is reasonable under the existing conditions; and

(2) yield the right-of-way to a vehicle in the intersection or approaching on another highway so closely as to be an immediate hazard to the operator's movement in or across the intersection.

(d) If an operator is required by Subsection (c) to yield and is involved in a collision with a vehicle in an intersection after the operator drove past a yield sign without stopping, the collision is prima facie that the operator failed to yield the right-of-way.

28.     Further, the Defendant Burst USA, Inc. through its employee, Tanya Maria Akim, also failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.351 pursuant to the Negligence Per Se Doctrine which mandates that:

**§545.351 Maximum Speed Requirements**

(b)  An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

> (1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

> (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

> (1) the operator is approaching and crossing an intersection or railroad grade crossing.

29.    Additionally, the Defendant, Burst USA, Inc. through its employee, Tanya Maria Akim, failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.401pursuant to the Negligence Per Se Doctrine which mandates that:

**§545.401 Reckless Driving: Offense**

(b) A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

## VIII.
## PLAINTIFF ELIZABETH PEREZ'S CAUSES OF ACTION AGAINST DEFENDANT TANYA MARIA AKIM.

30.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff, Elizabeth Perez, suffered and which she will continue to suffer in the future, if not for the remainder of her natural life.

### A. NEGLIGENCE

31.     The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendant, Tanya Maria Akim, who violated the duty she owed the Plaintiff, Elizabeth Perez, to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

      a.     in failing to stop;

      b.     in failing to yield the right of way;

      c.     in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

      d.     in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

      e.     in failing to turn the vehicle in an effort to avoid the collision in question;

      f.     in failing to blow her horn to warn of imminent danger;

      g.     demonstrating a high-level of inattentiveness and distracted driving of a vehicle on a public roadway;

      h.     in failing to pay proper attention while driving; and

i.      in violating §545.351 of the Texas Transportation Code by driving at a speed greater than is reasonable and prudent under the circumstances then existing.

## B. NEGLIGENCE PER SE

32.     The Defendant, Tanya Maria Akim, was negligent in failing to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code §545.062, §545.151, §545.153, §545.351 and §545.401 pursuant to the Negligence Per Se Doctrine which mandates that:

### §545.062 Following Distance

(e) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

33.     Additionally, the Defendant, Tanya Maria Akim, failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.151 pursuant to the Negligence Per Se Doctrine which mandates that:

### §545.151 Vehicle Approaching or Entering Intersection

(a) An operator approaching an intersection:

(1) shall stop, yield, and grant immediate use of the intersection in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign;

(2) after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.

(b) An operator who is required by this section to stop and yield the right-of-way at an intersection to another vehicle and who is involved in a collision or interferes with other traffic at the intersection to whom the right-of-way is to be given is presumed not to have yielded the right-of-way.

34.     Additionally, the Defendant, Tanya Maria Akim, failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.153  pursuant to the Negligence Per Se Doctrine which mandates that:

**§545.153 Vehicle Entering Stop or Yield Intersection**

(a) Preferential right-of-way at an intersection may be indicated by a stop sign or yield sign as authorized in Section 544.003.

(b) Unless directed to proceed by a police officer or official traffic-control device, an operator approaching an intersection on a roadway controlled by a stop sign, after stopping as required by Section 544.010, shall yield the right-of-way to a vehicle that has entered the intersection from another highway or that is approaching so closely as to be an immediate hazard to the operator's movement in or across the intersection.

(c) An operator approaching an intersection on a roadway that is controlled by a yield sign shall:

(1) slow to a speed that is reasonable under the existing conditions; and

(2) yield the right-of-way to a vehicle in the intersection or approaching on another highway so closely as to be an immediate hazard to the operator's movement in or across the intersection.

(d) If an operator is required by Subsection (c) to yield and is involved in a collision with a vehicle in an intersection after the operator drove past a yield sign without stopping, the collision is prima facie that the operator failed to yield the right-of-way.

35.     Furthermore, the Defendant, Tanya Maria Akim, also failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.351 pursuant to the Negligence Per Se Doctrine which mandates that:

**§545.351 Maximum Speed Requirements**

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

(2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

(1) the operator is approaching and crossing an intersection or railroad grade crossing

36.     Additionally, the Defendant, Tanya Maria Akim,  failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.401pursuant to the Negligence Per Se Doctrine which mandates that:

**§545.401 Reckless Driving: Offense**

(a) A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

### C. GROSS NEGLIGENCE

37.      The above-referenced acts and/or omissions by the Defendant, Tanya Maria Akim, constitutes gross negligence as the term is defined in § 41.001(11) of the Texas Civil Practice & Remedies Code.  The Defendant, Tanya Maria Akim, was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Tanya Maria Akim was aware of the risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, Elizabeth Perez.  The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff, Elizabeth Perez.

### IX.
### LIST OF DAMAGES FOR PLAINTIFF ELIZABETH PEREZ.

38.      The direct and proximate result of the collision was due to the actions of the Defendants, Burst Oral Care, Burst USA, Inc., and Tanya Maria Akim's, gross negligence, and negligence per se, which resulted in the Plaintiff, Elizabeth Perez, suffering severe bodily injuries to her spine, neck, lumbar spine, back, legs, arms, hands, shoulders, upper extremities, lower extremities and other parts of his body generally.  The injuries have had a serious effect on the Plaintiff, Elizabeth Perez's health and well-being.  Some of the effects are permanent and will abide with the Plaintiff, Elizabeth Perez for a long time into the future, if not for her entire life.  These specific injuries and their ill effects have, in turn, caused the Plaintiff, Elizabeth Perez's

physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff, Elizabeth Perez, to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of these injuries, the Plaintiff, Elizabeth Perez, suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

39.     As a further result of all the above, the Plaintiff, Elizabeth Perez, has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

40.     As a further result of the injuries sustained by the Plaintiff, Elizabeth Perez, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

41.     Additionally, as a direct result of his injuries, the Plaintiff, Elizabeth Perez, has sustained lost wages in the past as well as a reduced earning capacity in the future as a direct result of the injuries he sustained which were all directly caused by the negligence and gross negligence of the Defendants, Tanya Maria Kim and Budget Car Rental.

42.     By reason of all the above, the Plaintiff, Elizabeth Perez, has suffered other losses and damages within the items listed below in the Plaintiff, Elizabeth Perez's prayer. Such amount of damages identified in the Plaintiff, Elizabeth Perez's Rule 47 Damages Notice are all within the jurisdictional limits of this Court for which he now sues.

43.     Because of the nature and severity of the injuries sustained, the Plaintiff, Elizabeth Perez, is

entitled to monetary compensation for the damages in an amount within the jurisdictional limits of this Court, as set out further below, and which the jury deems just and fair, to include, the following elements of damages which have occurred in the past and, in all reasonable probability, will be sustained in the future:

PLAINTIFF ELIZABETH PEREZ'S DAMAGES:

1.  Pain and suffering in the past;
2.  Pain and suffering in the future;
3.  Past medical expenses;
4.  Future medical expenses;
5.  Physical impairment in the past;
6.  Physical impairment in the future;
7.  Physical disfigurement in the past;
8.  Physical disfigurement in the future;
9.  Pre-judgment interest;
10. Post-judgment interest;
11. Loss of past wages;
12. Loss of future wages;
13. Loss of wage earning capacity;
14. Reduced future earning capacity;
15. Loss of household services in the past;
16. Loss of household services in the future;
17. Medical monitoring in the past;
18. Medical monitoring in the future; and
19. Loss of the enjoyment of life.

## X.
## REQUEST FOR DISCLOSURE.

44.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, the Defendants, Burst Oral Care and Tanya Maria Akim, are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of Rule 194.2 of the Texas Rules of Civil Procedure.

## XI.
## PLAINTIFF'S NOTICE OF SELF AUTHENTICATION UNDER RULE 193.7.

45.     Plaintiff further gives notice under Rule 193.7 of the Texas Rules of Civil Procedure that production of all documents by the Defendants., Burst Oral Care, Burst USA, Inc., and Tanya Maria Akim, in response to written discovery or any other form of production and that such production authenticates the documents for their use in trial or any pre-trial proceeding in this matter.  The Plaintiff, Elizabeth Perez, fully intends to use any and all documents produced by the Defendants as evidence at the time of trial, or in any pre-trial proceeding, and gives the Defendants, Burst Oral Care, Burst USA, Inc., and Tanya Maria Akim notice of her intent.

## XII.
## RULE 47 DAMAGES NOTICE FOR DEFENDANTS  BURST ORAL CARE, BURST USA, INC., AND TANYA MARIA AKIM.

46.     Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, the Plaintiff, Elizabeth Perez, seeks monetary relief within the jurisdictional limits of the Court.  The Plaintiff, Elizabeth Perez, seeks monetary relief in the amount of at least TWO HUNDRED AND FIFTY THOUSAND and not more than one million dollars and a demand for judgment for all the other relief to which she deems herself justly entitled at the time of filing this suit, which, with the passage of time may change and is within the Court's jurisdictional limits.

## XIII.
## INTEREST.

47.     The Plaintiff, Elizabeth Perez, further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## XIV.
## JURY DEMAND.

48.     The Plaintiff, Elizabeth Perez, demands a trial by jury.  The Plaintiff, Elizabeth Perez,

acknowledges payment this date of the required jury fee.

## XV.
## PRAYER.

49.     **WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Elizabeth Perez, requests that

the Defendants, Burst Oral Care and Tanya Maria Akim be cited to appear and answer, and on final

trial hereafter, that she has judgment against the Defendants, Burst Oral Care, Burst USA, Inc., and

Tanya Maria Akim, jointly and severally, in an amount within the jurisdictional limits of this Court,

together with all pre-judgment and post judgment interest as allowed by law, costs of Court, and for

such other and further relief to which she may be justly entitled by law and equity.

Respectfully submitted,

/s/ *JERRY D. LEE III*
Jerry D. Lee III
Texas State Bar No. 24069136
The Law Offices of Glen F. Larson, PLLC
5113 Southwest Pkwy, Suite 190
Austin, Texas 78735
512-387-5436 (Office)
512-727-0999 (Fax)
service@glenlarsonlaw.com - (Service email)

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Glen Larson on behalf of Glen Larson
Bar No. 24037817
gfl@glenlarsonlaw.com
Envelope ID: 63719099
Status as of 4/20/2022 10:44 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Casey Hand | | cmh@glenlarsonlaw.com | 4/20/2022 9:34:49 AM | SENT |
| Jerry Lee | | jerry@glenlarsonlaw.com | 4/20/2022 9:34:49 AM | SENT |
| Glen Larson | | gfl@glenlarsonlaw.com | 4/20/2022 9:34:49 AM | SENT |
| Glen Larson Law - Service E-mail | | service@glenlarsonlaw.com | 4/20/2022 9:34:49 AM | SENT |